UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,

    Plaintiff,                                                   Case No. 12-11851

v.                                                             Hon. Gerald E. Rosen
                                                                    Mag. Judge Laurie J. Michelson

DETROIT PUBLIC SCHOOLS and
DEBORAH JENKINS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR
DEFAULT JUDGMENT [42, 44, 47] AND ORDER ON DEFENDANTS'
REQUEST TO FILE CORRECTED BRIEF [48]**

This is an employment discrimination case brought by *pro se* Plaintiff Sharon D. Lewis against her former employer Detroit Public Schools and one of its high school principals Deborah Jenkins. All pre-trial proceedings have been referred to this Court. (Dkt. 11.) Presently before the Court are Plaintiff's Motions for Default Judgment. (Dkts. 42, 44, 47.)[1] Plaintiff contends that Defendants have failed to file a timely answer to her Third Amended Complaint. But Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) which constitutes a response to the Complaint. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motions for Default Judgment be **DENIED**.

---

[1] Plaintiff has filed a separate lawsuit against the Michigan Occupational Safety and Health Administration (Case No. 13-10889) in which she is also seeking a default judgment. Docket entry #42 in this case should have been filed in the case against MIOSHA. Because Plaintiff has failed to withdraw the motion in this case, the Court recommends that it too be dismissed.

**I.     BACKGROUND**

Plaintiff Sharon D. Lewis ("Plaintiff") brought this *pro se* lawsuit on April 25, 2012. (Dkt. 1.) She appears to be alleging discrimination and retaliation claims arising out of her employment as a computer teacher for the Detroit Public Schools ("DPS"). Because the claims were unclear, the Court's initial scheduling order directed Plaintiff to file an amended complaint. (Dkt. 13.) Plaintiff filed an amended complaint on October 3, 2012 ("First Amended Complaint"). (Dkt. 14.) On October 24, 2012, Defendants DPS and Deborah Jenkins ("Defendants") filed a Motion to Dismiss the First Amended Complaint for failure to state a claim. (Dkts. 15 and 16.) Thereafter, Plaintiff filed a Second Amended Complaint on November 5, 2012. (Dkts. 18, 20, 21.)

Still unsure about the precise nature of Plaintiff's claims, the Court directed the parties to appear for a February 28, 2013 hearing on the motion to dismiss. (Dkt. 24.) On that date, the Court conducted a pre-hearing conference to discuss the possibility of Plaintiff filing another (i.e., third) amended complaint as well as the viability of the motion to dismiss in light of the superseding Second Amended Complaint. Plaintiff subsequently filed a motion seeking leave to file a third amended complaint. (Dkt. 36.) The Court granted the motion through an Order that required Plaintiff to file the new complaint by March 19, 2013 and advised Defendants that "if, upon review of the Third Amended Complaint, [they] believe a new motion to dismiss is warranted, they shall file the motion no later than April 22, 2013." (Dkt. 37.)

Thereafter, Plaintiff filed her Third Amended Complaint on March 11, 2013. (Dkt. 38, 39.) In compliance with this Court's Order, Defendants filed a Motion for Summary Dismissal in Lieu

of Answer on April 22, 2013. (Dkt. 40.)[2]

Yet, the next day, April 23, 2013, Plaintiff filed a Motion for Entry of Default Judgment. (Dkt. 42.) Plaintiff attached a supporting affidavit in which she states:

> 3. The Court required the Defendants to respond to Plaintiff Complaint by April 22, 2013.
>
> 4. As of the present date, no Answer or Motion has been filed by the [D]efendants.

(Dkt. 42, 1st Mot. Default J., Pg ID 1586.) On April 26, 2013, Defendants filed a Response in which they explain that "contrary to Plaintiff's assertion that Defendants failed to file an answer to Plaintiff's Third Amended Complaint, Defendants filed their Motion for Summary Judgment and Brief in Support on Monday, April 22, 2013, ECF 2-RCV-11851-GER-LJM Docket #40 filed 4/22/13." (Dkt. 43.)

Undeterred, Plaintiff then filed a Second Motion for Default Judgment in which she reiterates that "[t]he court gave the Defendant until April 22, 2013 to answer Plaintiff Third Amended Complaint. As of this date, Defendant ha[s] not filed an answer with the Clerk that answers the Third Amended Complaint." (Dkt. 47, 2d Mot. Default J., Pg ID 1616.)

## II.  ANALYSIS

Plaintiff's request for a default judgment is legally deficient. First, entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *Hickman v. Burchett*, No. 07-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of

---

[2] It appears that, on April 22, 2013, Defendants mistakenly filed their prior motion to dismiss the First Amended Complaint. (Dkt. 48.) They have thus filed a motion seeking to substitute the correct brief. *Id*. While the motion is styled as one for summary judgment, it is in fact a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. The motion to substitute is hereby GRANTED.

default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)). There has been no default entered against Defendants and thus, "Plaintiff's motion for default judgment is not properly before this court." *Meier v. Green*, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10 (E.D. Mich. June 14, 2007).

Additionally, a default judgment is only appropriate where a defendant fails to plead or otherwise defend the claim asserted by a plaintiff. Fed. R. Civ. P. 55(a). Here, pursuant to the Court's March 5, 2013 Order (Dkt. 37), Defendants filed a timely response to Plaintiff's Third Amended Complaint. More specifically, on April 22, 2013, Defendants filed a motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 40.) This is a proper response to Plaintiffs' Complaint. Fed. R. Civ. P. 12(b)(6); *see also Jones v. Chase Bank, N.A.*, No. 12-11706, 2012 U.S. Dist. LEXIS 81219, at *2 (E.D. Mich. June 12, 2012) (denying plaintiff's motion for judgment of default where defendants "filed a pleading in response to Plaintiff's Complaint. They filed a timely motion to dismiss. Plaintiff therefore is not entitled to a default judgment."); *Harris v. Members of the Bd. of Governors of Wayne State Univ.*, No. 10-11384, 2010 U.S. Dist. LEXIS 87478, at *4 (E.D. Mich. Aug. 25, 2010) (finding plaintiff was not entitled to entry of a default judgment because "[w]ithout question, [defendant] filed a motion to dismiss under Rule 12(b)(6). Without question, [defendant] is not required to file an answer at this time."); *Phelps v. Am. Gen. Fin. Servs.*, No. 08-10552, 2008 WL 3978318, at *3 (E.D. Mich. Aug. 22, 2008) ("[A] defendant may properly defend as required by Rule 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim." (citation omitted)). Here, as in *Phelps*, "Plaintiff's only argument regarding Defendant . . . is that it has not responded in the manner required for an answer. There is no argument that Defendant's filing of its Motion to Dismiss was

not timely or that the motion otherwise fails to satisfy its duty to defend under Rule 55(a)." 2008 WL 3978318 at *3.

Plaintiff fails to appreciate that a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates as a response to her complaint. This Court, however, has repeatedly advised Plaintiff that, despite her *pro se* status, she is obligated to adhere to this Court's Local Rules and the Federal Rules of Civil Procedure. *See Romain v. St. Joseph Mercy Hosp.*, No. 11-15679, 2013 U.S. Dist. LEXIS 23667, at *8 (E.D. Mich. Feb. 21, 2013) ("while pro se litigants are to be treated with some leeway, a pro se litigant is required to follow the rules of civil procedure . . . and assumes all of the risks and hazards that accompany self-representation." (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)); *Rumburg v. McHugh*, No. 10-11670, 2010 U.S. Dist. LEXIS 76840, at *3 (E.D. Mich. July 29, 2010) (noting that "Plaintiff has failed to follow the guidelines set forth in the local and federal rules in filing these two motions, as well as multiple other motions pending before the court. The court recognizes that Plaintiff is proceeding pro se, but he nonetheless must abide by the requirements of the local and federal rules."). Plaintiff is again cautioned to review the applicable rules and seek the required concurrence before filing future motions.

## III. CONCLUSION

Accordingly, based on the procedural deficiencies discussed above, this Court RECOMMENDS that Plaintiff's Motions for Entry of Default Judgment (Dkts. 42, 44, 47) be **DENIED**.

It is also ordered that Defendants' motion to file a corrected brief (Dkt. 48) is **GRANTED.**

## IV. FILING OBJECTIONS

5

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Regarding this Court's Order on Plaintiff's Motion to File Correct Motion and Brief on Third Amended Complaint, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                         s/Laurie J. Michelson
                                         LAURIE J. MICHELSON
                                         UNITED STATES MAGISTRATE JUDGE

Dated:  May 6, 2013

6

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 6, 2013.

                                      s/Jane Johnson
                                      Deputy Clerk