UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS and
DEBORAH JENKINS,

    Defendants.
_____/

Case No. 12-11851
Hon. Gerald E. Rosen
Magistrate Judge Laurie J. Michelson

OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     October 28, 2013

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On May 6, 2013, Magistrate Judge Laurie J. Michelson issued a Report and Recommendation ("R & R") recommending that the Court deny the motions for default judgment filed by Plaintiff Sharon D. Lewis, who is proceeding *pro se* in this case. Next, in an R & R issued on September 23, 2013, the Magistrate Judge recommends that the Court grant in part a motion to dismiss filed by Defendants Detroit Public Schools and Deborah Jenkins, and that Plaintiff's third amended complaint be dismissed. Plaintiff has filed objections to each of these R & Rs. Having reviewed the Magistrate Judge's R & Rs, Plaintiff's objections, the parties' underlying motions and accompanying briefs, and the

remainder of the materials in the record, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & Rs in their entirety.

Turning first to the Magistrate Judge's May 6, 2013 R & R, Plaintiff's objections to this R & R utterly fail to challenge (or even address) the legal basis for the Magistrate Judge's recommended ruling — namely, that a default judgment cannot be entered here because Defendants have not "fail[ed] to plead or otherwise defend" against the claims asserted in Plaintiff's third amended complaint. *See* 5/6/2013 R & R at 4 (citing Fed. R. Civ. P. 55(a)). Rather, Defendants duly responded to Plaintiff's claims by filing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss these claims for failure to state a claim upon which relief can be granted.[1] As explained in the R & R, the uniform weight of authority holds that a plaintiff is not entitled to a default judgment in his or her favor if the defendant, in lieu of filing an answer, brings a Rule 12(b)(6) motion to dismiss the plaintiff's complaint. *See* 5/6/2013 R & R at 3-4 (collecting cases). Accordingly, the Court concurs in and adopts the Magistrate Judge's ruling that Plaintiff's requests for a default judgment must be denied.

Next, while Plaintiff's "objections" to the Magistrate Judge's September 23, 2013

---

[1] To the extent that Plaintiff suggests that Defendants failed to timely file their Rule 12(b)(6) motion before the deadline set by the Magistrate Judge, Defendants cured this failure by securing the Magistrate Judge's permission to file a corrected motion and brief in place of the older motion and brief (challenging Plaintiff's initial complaint) that Defendants mistakenly refiled at the April 22, 2013 deadline. Although Plaintiff evidently takes issue with the Magistrate Judge's decision to grant this permission, she fails to suggest how she might have been prejudiced by this ruling, where she was given a full and fair opportunity to advance any desired arguments in response to Defendants' motion to dismiss.

R & R span 51 pages and take issue with myriad statements in the Magistrate Judge's report, Plaintiff's rambling, disjointed submission is almost entirely devoted to matters that have no conceivable bearing on the Magistrate Judge's recommended disposition of this case. Specifically, following a lengthy and detailed summary of the far-flung and often muddled allegations of Plaintiff's third amended complaint, the Magistrate Judge concludes that these allegations fail to support a viable claim of age discrimination or retaliation under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* As to Plaintiff's claim of age discrimination, the Magistrate Judge explains (i) that several of the actions identified by Plaintiff as allegedly taken by her employer are not sufficiently "adverse" to sustain a claim of discrimination, *see* 9/23/2013 R & R at 19-21, (ii) that Plaintiff's allegations, accepted as true, do not show that the adverse actions taken by her supervisor, Defendant Jenkins, were motivated by age-based animus, *see id.* at 24-25, and (iii) that these allegations do not give rise to a plausible inference that Plaintiff was discriminated against because of her age, *see id.* at 25-27. Turning to Plaintiff's claim of retaliation, the Magistrate Judge concludes that Plaintiff has not adequately pled that but for her activity that is deemed protected under the ADEA, she would not have suffered the adverse actions identified in her complaint. *See id.* at 31-34.

Although Plaintiff continues to insist at great length that she was subject to all manner of unfair treatment during her employment with the Defendant Detroit Public Schools, her protracted and meandering response to the R & R fails to identify any

specific flaws in — or, generally speaking, even address —the analysis by which the Magistrate Judge has recommended the dismissal of her ADEA claims. To the extent, for example, that Plaintiff complains that the Magistrate Judge denied her the opportunity to pursue discovery in support of her claims, the Magistrate Judge determined in a February 28, 2013 order that discovery should be stayed pending the Court's ruling on Defendants' motion to dismiss Plaintiff's complaint, *see* 2/28/2013 Order at 2, and Plaintiff failed to timely seek reconsideration of this pretrial ruling. *See* Fed. R. Civ. P. 72(a). Next, while Plaintiff's objections repeatedly reference the complaints she lodged with school and governmental officials regarding a gas leak at the new Martin Luther King high school in the fall of 2011, and the harm to her health as a result of her alleged exposure to asbestos during demolition work at the old Martin Luther King high school in May and June of 2011, these matters have virtually no bearing upon the proper disposition of Plaintiff's federal ADEA claims, but instead give rise to the state-law claims asserted in Plaintiff's complaint. As explained in the R & R, *see* 9/23/2013 R & R at 35-36, these state-law claims are appropriately subject to dismissal without prejudice upon the dismissal of Plaintiff's federal claims, and Plaintiff has failed to suggest any reason why the Court should elect to retain supplemental jurisdiction over these state-law claims despite the dismissal of her ADEA claims.

     Similarly, a considerable portion of Plaintiff's response to the R & R is devoted to complaints about how the Defendant school district and school officials handled her requests for medical leave and medical benefits. Yet, Plaintiff has not asserted any claims

under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, nor has she sought leave to do so. Neither has she suggested how her various complaints regarding her medical leave and health benefits might support a theory of recovery under some other federal law, and the Court declines to seek out such a theory on Plaintiff's behalf. Again, so far as the Court is able to discern, these matters have little or nothing to do with the ADEA claims asserted in Plaintiff's complaint, and Plaintiff does not endeavor to explain how the Magistrate Judge might have failed to properly account for these matters in determining whether Plaintiff has pled viable claims of age discrimination or retaliation under the ADEA.

Finally, to the limited extent that Plaintiff's objections actually touch upon the Magistrate Judge's treatment of her ADEA claims, the Court finds that the Magistrate Judge's analysis readily withstands these objections. As her principal basis for concluding that her former employer discriminated against her because of her age, Plaintiff repeatedly points to her allegation that she was replaced by a younger individual. Yet, as observed by the Magistrate Judge, Plaintiff's allegations fail to support the inference that her supervisor, Defendant Jenkins, harbored animus toward older workers. *See* R & R at 24. Nor has Plaintiff identified any defect in the Magistrate Judge's determinations that the replacement of Plaintiff with a younger worker, by itself, does not give rise to an inference of age discrimination, and that this allegation, viewed alongside the other allegations in Plaintiff's complaint, does not "make it reasonable to infer that [Defendants] forced [Plaintiff] out of her position so that they could give her position to a

5

younger teacher." *See id.* at 25, 27.  Finally, while Plaintiff claims that she was the victim of some sort of conspiracy between Defendant Jenkins and the school district employees involved in handling her requests for medical leave and employee benefits, the Magistrate Judge correctly observes that Plaintiff's allegations in support of this claimed conspiracy are "too conclusory" to give rise to a plausible claim of age discrimination or retaliation under the ADEA.  *See id.* at 26.  In the end, although it is apparent from Plaintiff's allegations that she had a turbulent relationship with Defendant Jenkins and other employees of the Defendant school district, and that, as the Magistrate Judge noted, she and Defendant Jenkins "did not get along," *id.* at 1, the Court agrees with the Magistrate Judge that the allegations of Plaintiff's complaint fail to support a plausible claim for relief under the ADEA.

     For these reasons,

     NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 9, 2013 objections to the Magistrate Judge's May 6, 2013 Report and Recommendation (docket #50) are OVERRULED, and that the Magistrate Judge's May 6, 2013 R & R is ADOPTED as the ruling of this Court.  Accordingly, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's May 6, 2013 R & R, that Plaintiff's motions for default judgment filed on April 23, 2013 (docket #42), April 26, 2013 (docket #44), and April 27, 2013 (docket #47) are DENIED.

     Next, IT IS FURTHER ORDERED that Plaintiff's October 4, 2013 objections to the Magistrate Judge's September 23, 2013 Report and Recommendation (docket #66) are

OVERRULED, and that the Magistrate Judge's September 23, 2013 R & R is ADOPTED as the ruling of this Court. Accordingly, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's September 23, 2013 R & R, that Defendants' April 22, 2013 motion to dismiss (docket #40), as supplemented by Defendants' May 10, 2013 corrected motion to dismiss (docket #51), is GRANTED IN PART, as to the federal claims asserted in Plaintiff's third amended complaint, and is otherwise DENIED WITHOUT PREJUDICE. Finally, IT IS FURTHER ORDERED that Plaintiff's August 30, 2013 emergency motion for temporary injunction (docket #65) is DENIED AS MOOT.

                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated: October 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2013, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135